IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CRIMINAL NO. H-10-258-5 |
| SIKIRU OLUBUNMI BONOJO | § | |

**ORDER**

Defendant Sikiru Olumbunme Bonojo's counsel alerted the court to actions calling into question this defendant's competency to stand trial. The court ordered a forensic psychiatrist, Seth W. Silverman, M.D., to examine Bonojo and provide a report. Dr. Silverman has examined Bonojo and filed his report with the court. Dr. Silverman reported that Bonojo was "grossly delusional" which "*might* in all medical probability" make him unable to "logically assimilat[e] new information to assist his defense." These conclusions, which were "provisional," were based on Bonojo's "absolute ingrained and inflexible commitment" to believing in the "healing powers" of urine. Dr. Silverman recognized that "more information needs to be collected to definitely diagnose" Bonojo and determine his competence to stand trial.

The court held a hearing under 18 U.S.C. § 4241(a) on December 10, 2013. At that hearing, the government conceded that it could not rebut Dr. Silverman's report and conclusions. The court concludes that on the current record, Bonojo must be committed to a suitable medical facility in the custody of the Attorney General to undergo further treatment and evaluation. *See Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). This commitment will "allow for a more thorough competency assessment via sustained evaluation by staff members who are familiar with the *Dusky* standard. *United States v. Stanford*, 769 F. Supp. 2d 1083, 1089 (S.D. Tex. 2011) (citing

*Featherston v. Mitchell*, 418 F.2d 582, 585–86 (5th Cir. 1969)).  "This will provide the Court 'with a more complete picture of the defendant's mental competency."  *Id.* (quoting *United States v. Weston*, 36 F. Supp. 2d 7, 13-14 & n.11 (D.D.C. 1999)).

The court orders that the defendant, Sikiru Olumbunme Bonojo, be committed to the custody of the Attorney General to undergo medial treatment and further evaluation.  The court recommends that the Attorney General send Bonojo to the United States Medical Center for Federal Prisoners in Springfield, Missouri, as a suitable medical facility within the Bureau of Prisons, 18 U.S.C. § 4247(a)(2), capable of treating Bonojo and conducting further competency examinations.

The charges against Bonojo are severed and will proceed separately.  The charges against the remaining defendants will proceed as scheduled.

SIGNED on December 17, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge